JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1378 PA (PJWx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | Renee Gagliano, et al. v. Wells Fargo Bank, N.A. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

     Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A ("Defendant").  (Docket No. 1.)  Defendant asserts that subject matter jurisdiction exists based on federal question jurisdiction.  See 28 U.S.C. § 1331.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).  However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

     Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If a plaintiff can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and thereby defeat removal.  Hunter v. United Van Lines, 746 F.2d 635, 641 (9th Cir. 1984).  A narrow exception to this general principle exists where a plaintiff uses "artful pleading" to disguise a federal claim as a state claim.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).  However, the "artful pleading" doctrine is invoked "only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results."  Salveson v. Western States Bankcard Association, 731 F.2d 1423, 1427 (9th Cir. 1984).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1378 PA (PJWx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | Renee Gagliano, et al. v. Wells Fargo Bank, N.A. | | |

  Here, Defendant contends that federal question jurisdiction exists because the resolution of Plaintiffs Renee Gagliano, Jeanne Wells, and Richard Phipps' claims depends upon the resolution of whether Defendant violated the Federal Labor Standards Act.  However, as the parties are aware, the Court has already decided in other, identical actions involving the same counsel and the same Defendant, that the right to relief does not depend upon the resolution of a substantial question of federal law.  See Denetrice Williams, et al. v. Wells Fargo Bank, N.A., CV 10-4761 PA (PJWx); Sharon Sosa, et al. v. Wells Fargo Bank, N.A., ED CV 10-1098 PA (PJWx); Pamela Overfield, et al. v. Wells Fargo Bank, N.A., SA CV 10-1085 PA (PJWx).  Similar to the plaintiffs in Sosa, Williams, and Overfield, Plaintiffs here have alleged a UCL claim based on a number of "unlawful" acts, which include two FLSA violations in addition to nine violations of the California Labor Code.  Because a single unlawful business practice may give rise to liability under the UCL, a jury could very well find that Defendant violated section 17200 without also finding that it violated the FLSA.  As such, the Court concludes that Plaintiffs' UCL claim does not depend upon the resolution of a question of federal law.

  Defendant has failed to meet its burden of showing that federal question jurisdiction exists over this action.  Accordingly, the Court remands this action to San Bernardino County Superior Court, Case No. 1008071 for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.